Judge Owsley
delivered the Opinion of the Court.
The defendants in error sued Dehart in the Henderson circuit court, and recovered judgment against him at law. Dehart then drew up a *578 bill in chancery, containing a prayer for an injunction against the judgment. The bill was presented to the honorable John P. Oldham, circuit judge, and the following order was thereupon made by him, viz:
Order for injunction by the circuit judge.
Injunction bond, with ■its condition.
Decree dis-Inissinfr the bill.
Action at law oil the injunction bond.
“The clerk of the Henderson circuit court will issue a subpoena, with injunction, upon the'foregoing bill, according to the prtiyer thereof, provided the complainant shall first release all errors at law, and execute bond in your office, to the defendant, in the penalty of two thousand five hundred dollars,with Nicholas Berthoud his security, conditioned as the law directs in such cases. Given under my hand as circuit Judge, at Louisville, Ky. this 10th of May, 1821. John P. Oldham.”
On the 18th of June, 1821, a bond in the penalty of two thousand five hundred dollars, was executed tb the defendants named in the bill, in the clerk’s-office of the Henderson circuit co’urt, by the com-plainánl, Dehart, in his proper person, and in the name of Berthoud as his surety, by J. Hillyier as his agent and attorney in fact; conditioned, that in case the injunction obtained by Dehart, against the judgment of the defendants in the hill in chancery shall be dissolved, in the whole or a part, that De-hart shall satisfy Arid pay whatever sums shall be ordered and adjudged against him upon such dissolution of his injunction, together with the damages and cost.
The chancery canse afterwards came on to be finally heard, and a decree was pronounced by the court, dissolving the injunction of Dehart, givingta the defendants therein, the benefit of their judgment at law, and dismissing Dehart’s bill, and directing him to pay costs and ten per. centuiii damages on the amount of the judgment at law.
This suit was afterwards brought against Dehart and Berthoud, upon the injunction bond, and breaches assigned, as well in the failure to pay the amount of the judgment enjoined, as in the nonpayment of the costs of the chancery suit, and the damages awarded on the dissolution of the injunction.
Power of attorney given by Berthoud, to execute the injunction as Surety-
Effect of the letter of attorney.
Letter of attorney to execute an injunction bond, according to a certain order of the judge, ■¡which directs the condition to bé according to law, £ does not authorize a bond, to secure the damages that may.be awarded pn the dissolution of the injunction, for so is ■not the statute.
*579 Waving any statement of the pleadings and passing over minor points, the main question contested in the circuit court, and that upon which tire case must turn in this court, involves the liability of Ber-thoud upon the injunction bond. The bond, we have seen, was executed in the name of Berthoud, by J. Hiityier, as his agent, and it is coptend.ed on .the part of Berthoud, that Hillyier possessed no authority from him to execute the bond, and that the bond is, therefore, not binding upon hup. The circuit court was, however, of a different opinion, and rendered judgment against both Dehárt and Berthoud upon the bond.
Prior to the date of the bond and on the 15th of June, 1821, a letter of attorney, sealed with his seal and signed by his*name, was executed by Berthoud, jn which he constituted J. Hillyier his attorney in fact, for him and in his name, to sign, seal, execute and acknowledge, and deliver as his act and deed, to the clerk of the Henderson circuit court, agreeable to an order of the honorable John P. Oldham, one of the circuit judges for the State of Kentucky, made at Louisville, the 10th of May, 1821, on a bill in equity exhibited by Robinson Óehart, to the Henderson circuit court, against Wilson, Speed & Co. and Wilson, Marshall & Co. to stay all further proceedings &c. upon a judgment at law, obtained by them in the said Henderson circuit court, against said Dehart, a bond of injunction, the said Robinson as principle and the said Ber thoud as his surety, in the penalty of two thousand five hundred dollars, agreeably to the order of the said judge, made as aforesaid.
It was under this letter of attorney that Hillyier acted in executing the bond, in the name and on behalf of Berthoud, as the surety of Dehart; and the question is, whether or not the bond is such an one as. under the letter of attorney, Hillyier was authorized by Berthoud to make.
There is no difficulty in comprehending the import of the letter of attorney. The language used js intelligible and plain. The bond to be executed was to be in the penalty of two thousand five hpn- *580 dred dollars; it was to be executed in the name of Dehart as principal and Berthoud as his surety; and it was to be agreeable to an order made by Judge Oldham, at Louisville, the 10th of May, 1821.
Such a bond., embracing the damages, made under such a power, does not bind the principal to any extent.
There is no discrepancy between the penalty which, by the letter of attorney, the bond was directed to be executed in, and the penalty contained in the bond actually executed by Hillyier, as the agent of Berthoud; hut it is contended, that in other respects the bond is not agreeable to the order of the judge. By the order of the judge, the bond to he executed was to contain a condition, and that condition was to be as Jhe law directs in such cases. Now, whether or not the bond is.or is not agreeable to the order of the judge, depends upon a comparison of the condition of the bond with the directions of the law as to the conditions of such bond. If there be a substantial variance between the condition required by law and ihat contained in the bond, the bond cannot be agreeable to the order of the judge directing the.bond to be conditioned as the law directs in such cases. And that there is such a variance, will at the first glance be perceived by „the most superficial comparison of the law with the condition of the bond. The condition of the bond is not only to pay in case of a dissolution of the injunction, the amount of the judgment at law, but also to pay the cost in chancery, and the damages; whereas the bond in such cases .as directed by daw is “for paying all money and tobacco, due or to become due, to the plaintiff in the action at law; and also, all such costs as shall be awarded against him or her, in case the injunction be dissolved.”
But admitting the condition of the bond not to be precisely such an one as is required by law, and admitting that in executing the bond with such a condition, the agent Hillyier exceeded the authority derived from Berthoud under the letter of attorney, it is contended on the part of the defendants in error, that the bond is nevertheless binding on Burthoud to some extent, and inoperative so far only as in executing the bond, the authority of the agent was. transcended,
Where tho a“ry°”^rISjf attorney vary, except cncumstan-isvíld, °'
Action against two, “¡Jai-geA ncnesl fac-{um, and Jj!d£i13e!,t dl gainst the other,
Nicholas and Crittenden, for plaintiffs; Mayes, for defendants.
We, however, think differently. Possessing no authority to act for his principal except that which lie derived from the letter oí attorney, it is not perceived how it is possible for the act of Hillyier, not in pursuance of, but varient from his authority, can have any binding force on the principal. The bond and condition constitute but one instrument, and, any substantial alteration in the condition, would change essentially the force and efficacy of the bond. An authority to execute a bond in a named penalty, with a prescribed condition, is not pursued by the execution of a bond with a different or other condition, though there be no variance in the penalty. The authority to do such an act, is, in its nature, a particular authority and must be at least substantially pursued.
Thus it is said, where the authority is particular, the party must pursue it; and if the act vary from it, lie departs from his authority, and what he does is void; unless the variance be merely circumstantial; Salk. R. 96; Paley on agency, 150; Co. Litt. 49, b. 303, b.
So if the authority be to do an act upon condition, and the agent do it absolutely, it is void, and vice versa; Co. Litt. 258, b.
Here the bond was to be executed with a particular condition, and though it was not executed absolutely, without any condition, so as to come literally within the authority of Coke, yet the condition upon which it was executed differs substantially from the condition upon which it was to have been executed, and is, therefore, within the reason and influence of - that authority.
The bond is not, therefore, binding on Berthoud, and the judgment rendered thereon against him, is consequently erroneous. The judgment must be reversed with cost, the cause remanded to the court below, and judgment there entered in favor of Berthoud for his cost, but judgment must be entered m iavor ox the plaintiffs m that court, against Uenart, for the damages and cost.